UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAMIDUR RASHID,

                Plaintiff,

-against-

JESSICA MURRAY; JOHN DOE; JANE DOE,

                Defendants.

23-CV-6063 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, United States District Judge:

    Plaintiff Hamidur Rashid, who is appearing *pro se*, has paid the fees to file this action. He brings this action under 42 U.S.C. § 1985(3), alleging a conspiracy by Defendant Jessica Murray, his wife, to deprive him of his fundamental rights relating to his children, arising from his state-court matrimonial proceedings. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who is a citizen of Bangladesh residing in Scarsdale, New York, filed this complaint against his wife, Jessica Murray, and unspecified John and Jane Doe defendants. He asserts that Murray has conspired to deprive him and their two children, MCR and CWR, of their fundamental rights by filing in the pending matrimonial action a proposed parenting plan, which includes restrictions on the children's international travels. Plaintiff brings this action seeking declaratory relief, including an affirmation that he has the right to "transmit" his Bangladesh nationality and citizenship to the children, and an order directing Murray to cease and desist from conspiring to violate his rights. (ECF No. 1 ¶¶ 31-32.)

The following information is taken from the complaint. Plaintiff, who holds a Bangladesh diplomatic passport, is employed as an official of the United Nations. Murray, his soon-to-be former wife, is a United States citizen who is employed by the United Nations Development Program. In 2007, Plaintiff and Murray were married and later had two children. The children were born in the United States but are dual citizens of the United States and Bangladesh. On September 29, 2020, Murray commenced against Plaintiff a divorce action in the New York State Supreme Court, New York County. During the pendency of the matrimonial proceedings, Murray has withheld the children's United States passports from Plaintiff, refusing to allow them to travel outside the United States.

On or about May 2021, Murray began to conspire against Plaintiff by "communicat[ing] her intention to 'Americanize' the children's last names with her last name." (*Id*.¶ 9.) In furtherance of the conspiracy, on May 15, 2023, Murray filed a proposed parenting plan in the matrimonial action concerning the custody and decision-making for the children. The proposed

2

plan includes a clause stating that "[t]he Children shall only be permitted to travel using US passports. No other passports shall be applied for or obtained for the Children." (*Id.*)

Plaintiff brings this action asserting that Murray has conspired to (1) deny him his right to transmit his Bangladesh nationality and citizenship to the children; (2) deny the children their right to dual nationality and citizenship; (3) restrict the children's right to travel to their father's home country; and (4) obstruct his ability to function as an official of the United Nations. Plaintiff does not allege any facts with respect to the Doe defendants he sues, only asserting that they are conspiring with Murray "to injure, threaten and intimidate [him] to prevent [him] and [the] children from the free exercise of [their] rights and privileges secured under the [C]onstitution of the United States." (*Id.* ¶ 5.)

## DISCUSSION

### A.    *Younger* Abstention Doctrine

Plaintiff brings this action preemptively seeking relief from this Court relating to Murray's proposed parenting plan in the matrimonial action, thereby effectively requesting this Court's intervention in the state-court matter. To the extent that Plaintiff is asking the Court to grant injunctive and declaratory relief with respect to matters in the ongoing matrimonial action, including the proposed parenting plan, the Court must abstain from hearing those claims under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d

Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention is appropriate in three categories of pending state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). With respect to the third *Sprint* category, "federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their [orders and] judgments." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022). The United States Court of Appeals for the Second Circuit has made it clear that "the way that New York courts manage their own divorce and custody proceedings [is] a subject in which '[New York has] an especially strong interest'" for the purpose of the third *Sprint* category of actions requiring *Younger* abstention. *Falco v. Justs. of the Matrim. Parts of the Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015) (citation omitted).

Here, Plaintiff requests that this Court intervene in the ongoing matrimonial action by providing declaratory and injunctive relief with respect to the proposed parenting plan that was filed in the state-court matter. If this Court were to accede to Plaintiff's requests, it would affect how the state court manages the pending divorce and custody proceedings. Plaintiff has not alleged any facts showing that bad faith, harassment, or irreparable injury has occurred with respect to Plaintiff's pending state-court divorce proceeding. *Younger* abstention therefore applies.

Accordingly, the Court abstains from adjudicating Plaintiff's claims for injunctive or declaratory relief arising from the ongoing matrimonial action under the *Younger* abstention doctrine.[1]

**B.    Claims under 42 U.S.C. § 1985(3)**

Even if Plaintiff's claims were not precluded by the *Younger* abstention doctrine, his claims would still be dismissed. Plaintiff's complaint asserts a claim of conspiracy under 42 U.S.C. § 1985(3). Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws, or of equal privileges and immunities under the laws. To state such a conspiracy claim, a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v.

---

[1] The Court notes that Plaintiff's claims may also implicate the domestic relations abstention doctrine, which requires federal courts to abstain from exercising federal question jurisdiction of domestic relations issues such as divorce, child support payments and child custody. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (holding that where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims if "there is no obstacle to their full and fair determination in [the] state courts.") (internal quotation marks omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (recognizing a domestic relations exception to federal district courts' diversity jurisdiction of state court claims involving divorce, custody, and support).

*Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

Here, Plaintiff does not state facts suggesting a claim under Section 1985(3). Although he alleges that Murray has violated his fundamental rights under the United States Constitution and various statutory provisions, he is objecting primarily to the proposed parenting plan that was filed in the state-court divorce action. His allegations do not suggest the existence of a conspiracy to deprive him of his rights, much less one that was motivated by racial or other class-based discriminatory animus. Although Plaintiff names two Doe defendants, he offers no factual allegations about them. Plaintiff therefore does not allege facts suggesting that two or more persons acted together to deprive him of his rights, as required for a conspiracy claim under Section 1985(3). Plaintiff's assertions only concern actions taken by Murray, which do not amount to a conspiracy claim. Plaintiff's conspiracy claim is vague and conclusory and must be dismissed for failure to state a claim on which relief may be granted.

### C.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint is dismissed under the *Younger* abstention doctrine and for failure to state a claim on which relief may be granted. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 18, 2023
White Plains, New York

_____
CATHY SEIBEL
United States District Judge